## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No.: 19-CV-23600-Williams/Torres

Jane Poe,

      Plaintiff,

v.

John Doe,

      Defendant.

_____/

### MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant John Doe, pursuant to Fed. R. Civ. P. 12(b), moves to dismiss the Complaint filed by Plaintiff Jane Doe.

### INTRODUCTION

This suit concerns facts that happened nearly a decade ago.  Beginning in 2010 and concluding in 2011, the Plaintiff served as a gestational surrogate for a woman ("Jane Doe") and her then husband (the "Ex Husband").  The surrogacy was a success.  The Plaintiff gave birth to a healthy child.  And Plaintiff too was fine.  No one suffered any physical harm via the surrogacy process.  But more recently – *roughly 9 years after the fact* – the Plaintiff learned that the sperm used to fertilize the egg that created the embryo used to impregnate her back in 2010 was provided by a man who was not Jane Doe's Ex-Husband.  Rather, the sperm was provided by the Defendant.  Plaintiff claims that her having acquired this knowledge – *nearly a decade later* – has caused her to suffer emotional distress.  And she now wants money damages.

For the reasons stated below, Plaintiff's Complaint must be dismissed *with prejudice*.  Foremost, all Plaintiff's claims are decidedly time barred.  But even that aside, all of Plaintiff's claims suffer from fundamental pleading defects that demand dismissal.

<u>**MEMORANDUM OF LAW**</u>

**I.    <u>All of Plaintiff's Claims are Time Barred</u>**

Plaintiff purports to plead five (5) causes of action.  But the events in question all occurred back in 2010 and 2011.[1]  Under Florida law, it follows that Plaintiff's claims are all time barred.

**A.    <u>Count I Is Barred by the Statute of Limitations</u>**

Count I purports to state a claim for sexual battery.  The statute of limitations for a claim of sexual battery is four years.[2]  The period begins to run upon the occurrence of the acts alleged to constitute sexual battery.[3]

The Florida legislature has defined the elements of "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object."[4]  Here, the facts that Plaintiff has alleged in an attempt to satisfy those elements all occurred in 2010-11, which obviously is well more than four years ago.  As such, Plaintiff's sexual battery claim is plainly barred by the allegations on the face of the Complaint.[5]

---

[1] *See* Complaint [ECF No. 1] at ¶¶ 5, 24.

[2] *See W.D. v. Archdiocese of Miami, Inc*., 197 So. 3d 584, 590 (Fla. 4th DCA 2016); *Jane Doe No. 8 v. Epstein*, 2009 WL 3878067, at *3 (S.D. Fla. 2009).

[3] *See Harris v. Rambosk*, 2018 WL 5085721, at *6 (M.D. Fla. Oct. 18, 2018) ("battery claim accrues on the date the alleged [] battery occurred").

[4] Fla. Stat. §794.011.

[5] Plaintiff cannot argue that the statute of limitations has not run because of the delayed discovery doctrine or equitable estoppel (or any other reason) without pleading affirmative facts that would support any such argument – and Plaintiff has not even attempted to do so.  *See, e.g., Malhotra v. Aggarwal,* 2018 WL 3014074, *2 (S.D. Fla. 2018) (explaining the Florida Supreme Court has found that the Florida legislature expressly limited application of the delayed discovery doctrine to specific facts and types of claims and, therefore, those facts and claims must be pleaded on the face of a complaint in order for the doctrine to be invoked); *see also Soler v. Archdiocese of Miami, Inc.*, 2007 WL 9636747, at *1-2 (Fla.Cir.Ct. 2007) (dismissing case with prejudice because plaintiff failed to plead facts invoking equitable estoppel where claim was clearly time barred).

### B.    Count II Is Barred by the Statute of Limitations

Count II purports to state a claim for the intentional infliction of emotional distress.  Again, the applicable statute of limitations is four years.[6]  The cause of action accrues when the events alleged to have caused emotional distress actually occurred.[7]

Here, all the underlying conduct pertains to the gestational surrogacy services provided by Plaintiff.  But the gestational surrogacy concluded in 2011, which is obviously well more than 4 years ago.  So, once again, the claim is barred by the facts pleaded on the face of the Complaint.[8]

And again, Plaintiff has not pleaded any facts that would allow Plaintiff to invoke the delayed discovery doctrine, equitable tolling, or any theory that might overcome or otherwise avoid the facially obvious statute-of-limitations defense.[9]

### C.    Count III Is Barred by the Statute of Limitations

Count III purports to state a claim for the negligent infliction of emotional distress.  Here, again, the limitations period is four years.[10]  Here again, all the underlying conduct occurred well more than 4 years ago.  As such, this claim too is barred by the statute of limitations.[11]

---

[6] *See W.D.*, 197 So. 3d at 587 ("four year statute of limitations for . . . intentional infliction of emotional distress").

[7] *See, e.g., Bloom v. Miami-Dade County,* 816 F.Supp.2d 1265 (S.D. Fla. 2011) (claim alleging intentional infliction of emotional distress begins to run on date such actions were allegedly taken); *Ross v. Twenty-Four Collection, Inc.*, 617 So.2d 428 (Fla. 3d DCA 1993) (claim for intentional infliction of emotional distress accrues contemporaneous with conduct alleged to have caused emotional distress).

[8] *See W.D.,* 197 So.3d at 584 (relying on statute of limitations to affirm dismissal of claim for intentional infliction of emotional distress based on alleged sexual abuse that occurred years earlier, but the memory of which was repressed for 20+ years until plaintiff was an adult, at which point the abuse was recalled and plaintiff claimed severe emotional distress).

[9] *See* note 5*, supra.*

[10] *W.D.*, 197 So. 3d at 587.

[11] And yet again, Plaintiff has not pleaded any facts that would allow Plaintiff to invoke the delayed discovery doctrine, equitable tolling, or any theory that might overcome or otherwise avoid the facially obvious statute-of-limitations defense.  *See* note 5*, supra.*

### D.      Count IV Is Barred by the Statute of Limitations

Count IV purports to state a clam for conversion.  Conversion too is subject to a four-year statute of limitations.[12]  A cause of action for conversion accrues upon "the exercise of wrongful dominion and control over the property to the detriment of the rights of its actual owner."[13]

Here, Plaintiff alleges that Plaintiff had a "property interest" in her own surrogacy services and that the Defendant converted those "services from Plaintiff without paying her for them."[14]  Respectfully, it is not entirely clear what that even means.  But whatever is alleged to have occurred happened well more than four years ago.  Hence, this claim too is time barred.[15]

### E.      Count V Is Barred by the Statute of Limitations

Count V purports to state a claim for "conspiracy."  Conspiracy too is subject to a four-year statute of limitations.[16]  The claim accrues when the plaintiff suffers damages pursuant to the conspiracy.[17]  Here, Plaintiff alleges she was damaged when she suffered an "unlawful battery."[18]  Even assuming (but without conceding) that whatever happened here constitutes an "unlawful battery," that happened back in 2010-11.  And that, of course, is well more than four years ago.  Hence, this claim too is barred by the statute of limitations.[19]

---

[12]*See, e.g., Ducat Florida, LP v. Wells Fargo Bank, N.A.,* 2013 WL 6667038, *5 (S.D. Fla. 2013).

[13]*Id.* at *4.

[14]Complaint [ECF No. 1] at ¶¶ 65, 68.

[15]And yet again, Plaintiff has not pleaded any facts that would allow Plaintiff to invoke the delayed discovery doctrine, equitable tolling, or any theory that might overcome or otherwise avoid the facially obvious statute-of-limitations defense.  *See* note 5*, supra.*

[16]*See Arrington v. Hausman*, 2016 WL 11547505, at *5 (S.D. Fla. 2016).

[17]*Ducat*, 2013 WL 6667038 at *7.

[18]Complaint [ECF No. 1] at ¶ 71.

[19]And yet again, Plaintiff has not pleaded any facts that would allow Plaintiff to invoke the delayed discovery doctrine, equitable tolling, or any theory that might overcome or otherwise avoid the facially obvious statute-of-limitations defense.  *See* note 5*, supra.*

## II.    All Counts Fail To State a Cause of Action

Even assuming, *arguendo*, that Plaintiff's claims are not time barred, all five claims still fail to state a proper cause of action under Florida law.

### A.    Count I (Sexual Battery) Fails To State a Cause of Action

To state a claim for sexual battery, plaintiff must allege the "oral, anal, or vaginal *penetration* by, or union with, the sexual organ of another or the anal or vaginal *penetration* of another by any other object."[20]   Applied here, that means *the Defendant* must be accused of having actually *penetrated* the Plaintiff with either his "sexual organ" or "any other object."[21]   But Plaintiff pleads no such thing.  Rather, Plaintiff alleges the sexual battery was the touching *"by the doctors and staff of the hospital"* that implanted an embryo in the uterus of Plaintiff.[22]   The Defendant, however, is not alleged to have penetrated the Plaintiff with either his "sexual organ" or "any other object."  As such, it follows that *the Defendant* cannot be sued for sexual battery.

But Plaintiff's sexual battery fails for yet another reason.  The operative statute goes on to explain that "sexual battery does not include an act done for a bona fide medical purpose."[23]   Here, Plaintiff alleges that the alleged sexual battery occurred in conjunction with the *in vitro* fertilization process when "the doctors and staff of the hospital [] implanted an embryo via the vaginal canal and into the uterus of Plaintiff."[24]   Plainly, that occurred at a hospital in conjunction with a bona fide medical purpose, which is just not actionable per the statute.[25]

---

[20]Fla. Stat. §794.011 (emphasis added).

[21]*See , e.g., Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 895 (11th Cir. 2004) (plaintiff had to prove that the defendant "with his sexual organ, penetrated or had union with the vagina of Plaintiff").

[22]Complaint [ECF No. 1] at ¶ 49 (emphasis added).

[23]Fla. Stat. §794.011.

[24]Complaint [ECF No. 1] at ¶ 49.

[25]Fla. Stat. §794.011.

### B.    Count II Fails to State a Cause of Action

Count II purports to state a claim for the intentional infliction of emotional distress based on an alleged act of sexual battery.  But in terms of the underlying wrongdoing, it fails to provide any additional facts.  Under Florida law, it follows that the claim must be dismissed because "it is not a free-standing tort but dependent upon the sexual abuse claims."[26]

### C.    Count III Fails to State a Cause of Action

Count III purports to state a claim for the negligent infliction of emotional distress.  Initially, it too fails to allege any wrongful conduct separate and apart from the alleged sexual battery.  As such, Count III also fails to allege a free-standing tort and, therefore, it too must be dismissed.[27]

Separately, Plaintiff has altogether failed to plead the elements of the cause of action.  Florida law reflects a "dichotomy" when a plaintiff seeks damages for emotional distress based on the negligence of another.[28]  The dichotomy depends on whether the plaintiff has suffered an "impact" sufficient to satisfy the "impact rule."[29]  Here, it is debatable whether that is so.  Plaintiff has not pleaded an "impact" caused by Defendant in the traditional sense.  Rather, Plaintiff has pleaded only that the genetical material of the Defendant was placed inside her (*by others*) without her consent.  But ultimately, whether that qualifies as an "impact" sufficient to satisfy the "impact rule" does not matter, because the claim fails either way.

If the Plaintiff has suffered an impact, Florida courts permit recovery for emotional distress

---

[26]*Tobin v. Damian,* 772 So.2d 13,15 (Fla. 4th DCA 2000) (*citing Fridovich v. Fridovich*, 589 So.2d 65, 69-70 (Fla. 1992) (holding that no separate cause of action for intentional infliction of emotional distress existed when the plaintiff merely renamed the initial cause of action and re-pleaded the same core facts).

[27]*Id.*

[28]*Willis v. Gami Golden Glades, LLC*, 967 So.2d 846, 850 (Fla. 2007).

[29]*Id.*

"stemming from the incident during which the impact occurred."[30] But the emotional distress must stem from the actual incident during which the impact occurred.[31]  It is not enough for a plaintiff to allege an incident involving an impact that triggered no damages of any kind ... until 9 years later when the plaintiff learns additional details that are alleged to have caused, for the first time, emotional distress.  Allegations of that nature would suffice to state a cause of action if the delayed discovery doctrine were applicable to claims alleging the negligent infliction of emotional distress. But Florida law is clear and unequivocal that the delayed discovery rule does not apply to claims alleging the negligent infliction of emotional distress.[32]  So Count III fails to state a cause of action (assuming an "impact" occurred).

But the claim fails even if Plaintiff has *not* sufficiently alleged an "impact."  Granted, Florida law allows for the recovery of emotional distress in the absence of an impact, but only provided that the plaintiff pleads other qualifying criteria.[33]  For example, the plaintiff must allege that the mental distress must be manifested by physical injury.[34]  But even more critically, "the plaintiff must suffer the complained-of mental distress and accompanying physical impairment 'within a short time' of the incident.[35]  Here, Plaintiff has alleged that an incident occurred, but that she suffered no emotional damages until 9 years after the fact (when she learned new facts that allegedly caused her to feel very differently about what had happened 9 years earlier).  Again, that would suffice if Florida

---

[30]*Willis*, 967 So.2d at 850 (*citing Eagle-Picher Industries, Inc. v. Cox*, 481 So.2d 517 (Fla. 3d DCA 1985).

[31]*Id.*

[32]*Arrington*, 2016 WL 11547505 at *6 ("the delayed discovery doctrine would not apply to Plaintiff's claims for . . . Negligent Infliction of Emotional Distress").

[33]*Willis*, 967 So.2d at 850.

[34]*Id.*

[35]*Id.*

law recognized application of the delayed discovery doctrine to claims alleging the negligent infliction of emotional distress, but it is well established that Florida law does not.[36]

The bottom line is Plaintiff has failed to plead facts that sufficiently establish the elements of the cause of action irrespective of whether the incident in question is deemed an "impact" sufficient to satisfy Florida's impact rule.

### D.   Count IV Fails To State a Claim for Conversion

In Count IV, Plaintiff purports to state a claim for conversion.  Florida law provides that a claim for "[c]onversion is an unauthorized act that deprives a person of his property permanently or for an indefinite time."[37]  Plaintiff, however, has failed to plead the requisite elements of the claim.

Plaintiff certainly has not alleged that Defendant deprived her of any "*property.*"  Rather, Plaintiff alleges that Defendant intentionally availed himself of her *"services."*  Even assuming that Florida law recognizes a claim for the conversion of services, logic dictates the Plaintiff would have to plead that the Defendant somehow commandeered services intended to benefit the Plaintiff for the benefit of himself.  But she does nothing of the sort.  Rather, Plaintiff suggests only that she provided services without being compensated *by the Defendant*.  She was compensated, of course; *just not by the Defendant*.  But to be clear, she does not allege that she was not made whole.  As such, Plaintiff should not be permitted to invoke the tort of conversion to champion the theoretical grievance that someone other than the Defendant paid for services that allegedly enured to the benefit of the Defendant.  That is not the stuff of which a valid conversion claim is made.

---

[36]*Arrington*, 2016 WL 11547505 at *6.

[37]*Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1119 (M.D. Fla. 2013); *see Mayo v. Allen*, 973 So.2d 1257, 1258 (Fla. 1st DCA 2008) ("conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.").

E.    **Count V for Conspiracy Fails to State a Claim**

In Count V of the Complaint, Plaintiff purports to state a claim for conspiracy.  But a "claim for civil conspiracy can exist only if there is an actionable underlying tort or wrong."[38] And here, there is no underlying tort or wrong that is actionable under Florida law.  As noted above, all the individual causes of action fail for one reason or another.  And in the absence of an underlying claim that successfully pleads a cause of action, the claim for conspiracy cannot be permitted to stand.

CONCLUSION

Based upon the foregoing, this Court should dismiss Plaintiff's Complaint because all of the Plaintiff's claims are time barred or otherwise fail to state a claim.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Complaint, with prejudice, and further providing such further relief as this Court deems just and proper.

Respectfully submitted,

DIMOND KAPLAN & ROTHSTEIN, P.A.
 *Attorneys for Defendant*
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida  33133
Telephone:    (305) 374-1920
Facsimile:     (305) 374-1961

By:  /s David A. Rothstein
        David A. Rothstein, Esq.
        Fla. Bar No.: 0056881
Primary E-Mail Address:      Drothstein@dkrpa.com
        Lorenz Michel Prüss, Esq.
        Fla. Bar No.: 581305
Primary E-Mail Address:      LPruss@dkrpa.com
Secondary E-Mail Address:   ZAlfaro@dkrpa.com

---

[38]*Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, 2013 WL 12093810, at *7-8 (S.D. Fla. 2013).

**C**ERTIFICATE OF **S**ERVICE

**W**E **H**EREBY **C**ERTIFY that on October 16, 2019,  a true and correct copy of the foregoing

was filed with the Clerk of Court and served upon counsel of record using the CM/ECF system.

By:  /s Lorenz Michel Prüss
　　　　Lorenz Michel Prüss